IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERGIU BALUTA AND ALINA BALUTA | : | Civil Action No. |
| | : | |
| vs. | : | |
| | : | |
| ALLSTATE VEHICLE AND PROPERTY | : | |
| INSURANCE COMPANY | : | Jury Trial Demanded |

**NOTICE FOR REMOVAL OF CIVIL ACTION
FROM STATE COURT**

Defendant Allstate Vehicle and Property Insurance Company ("Defendant Allstate"), respectfully petitions for removal to this Court of a state civil action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, and in support avers as follows:

1. A Complaint was filed on June 17, 2020 by Plaintiffs Sergiu Baluta and Alina Baluta ("Plaintiffs") against Defendant Allstate Vehicle and Property Insurance Company ("Defendant Allstate"), which is pending in the Court of Common Pleas of Philadelphia County at No. 200501047. A copy of Plaintiffs' Complaint is attached as Exhibit "A" and incorporated by reference.

2. After Defendant Allstate was served with Plaintiffs' Complaint on or about June 17, 2020, Defendant Allstate ascertained that the damages being claimed exceed $75,000.00.

3. Plaintiffs' Complaint contains two counts – the first appears to set forth a claim for Breach of Contract and the second appears to set forth a claim under Pennsylvania's Bad Faith statute.

2299454.1\55097

4. The *ad damnum* clause of Count I demands judgment against Defendant "in an amount in excess of $50,000.00 together with interest and court costs."

5. The *ad damnum* clause of Count II demands judgment against Defendant "for punitive damages, counsel fees and costs, together with interest on Plaintiffs' claim in an amount equal to the prime rate of interest plus three percent (3%), in an amount in excess of $50,000.00."

6. Plaintiffs' Complaint seeks dwelling damages against Defendant Allstate Vehicle and Property Insurance Company totaling $99,505.50. See Exhibit "A".

7. Plaintiffs' Complaint seeks incidental and consequential damages, as well as bad faith damages against Defendant Allstate Vehicle and Property Insurance Company. See Exhibit "A".

8. The state court where this action is pending is located in Philadelphia County, Pennsylvania, which is embraced within this judicial district.

9. At the time of the filing of this action, Plaintiffs were residents of Macungie, Pennsylvania and citizens of Pennsylvania. See Exhibit "A", paragraph 1.

10. Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Northbrook, Illinois and is therefore a citizen of a state other than Pennsylvania. See Exhibit "A", paragraph 2.

11. Plaintiffs' Complaint includes a count for Insurance Bad Faith and claims have been made for punitive damages and attorney fees, amongst other relief, which if awarded, could exceed $75,000.00, exclusive of interest and costs.

12. As the contractual dwelling damages claimed total $99,505.50, if a 1-to-1 ratio of punitive damages is being claimed by Plaintiffs, the damages in dispute in this case are at a minimum of $199,011.00.

13. As recognized by the Honorable Norma Shapiro for the United States District Court for the Eastern District of Pennsylvania in the case of <u>Wash v. State Farm Fire & Casualty Company</u>, No. 91-4438 (E.D. PA 1991), "because Plaintiffs' stated a claim for punitive damages, it is not 'beyond a legal certainty' that the amount in controversy will be below $50,000.00", which was the diversity requirement at the time of Judge Shapiro's Order in <u>Wash, supra</u>. A copy of Judge Shapiro's Order is attached hereto as Exhibit "B" and is incorporated herein by reference.

14. Judge Juan R. Sánchez of the United States District Court for the Eastern District of Pennsylvania in <u>Palmieri v. Allstate Insurance Company</u>, Docket No. 06-4681 (December 4, 2006) held that "a 'reasonable reading of the rights being litigated,' *Angus v. Shiley Inc.* 989 F.2d 142,145 (3d Cir. 1993), in this case suggests the disputed amount of more than $22,000, a bad faith claim with punitive damages, attorney's fees and costs could easily exceed $75,000." Judge Sánchez's December 4, 2006 Order is attached as Exhibit "C" and incorporated by reference.

15. Consequently, the amount in controversy in this matter is in excess of the sum of $75,000.00, exclusive of interest and costs, such that the amount in controversy and the diversity requirements for federal diversity jurisdiction are satisfied and this court now has jurisdiction over this subject matter under and pursuant to 28 U.S.C. Section 1332.

16. Defendant Allstate first ascertained the amount in controversy upon receipt of Plaintiffs' Complaint on or about June 17, 2020.

17. This Notice is filed within thirty (30) days of Defendant Allstate's first indication that the damages could exceed $75,000.00.

**WHEREFORE,** Defendant Allstate Vehicle and Property Insurance Company respectfully requests that the statutory requirements, having been met, that the pending state action be moved to this Court.

          Respectfully submitted,

By: _____
    Michael K. Lorenz, Esquire
    Attorney ID 93611
    Curtin & Heefner LLP
    1040 Stony Hill Road, Suite 150
    Yardley, PA 19067
Dated: July 15, 2020    215-736-2521

## AFFIDAVIT

I, Michael K. Lorenz, Esquire, being duly sworn according to law, do hereby depose and state that I am the attorney for Defendant, Allstate Vehicle and Property Insurance Company, the Petitioner in the foregoing Notice for Removal; that I have been duly authorized by the Petitioner to execute this Affidavit; that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice for Removal are true and correct to the best of my knowledge, information and belief.

By: _____
Michael K. Lorenz, Esquire
Attorney for Defendant Allstate